IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADAEZE NWOSU  :

    v.  :  Civil Action No. DKC 24-674

KARLA SMITH, et al.  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this tort case is the motion for recusal filed by Plaintiff Adaeze Nwosu ("Plaintiff"). (ECF No. 6). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for recusal will be denied.

**I.  Background**

Plaintiff filed a complaint against four judges on the Circuit Court for Montgomery County, Maryland (collectively, "Defendants") on March 6, 2024, seeking 20 million dollars as damages for rulings allegedly made to Plaintiff's detriment in cases before them. (ECF No. 1). She brings claims for gross negligence and intentional torts including invasion of privacy and intentional infliction of emotional distress. (ECF No. 1, at 2, 6-10). She also asserts that Defendants, who are white, engaged in "brazen corruption and prejudice" in deciding Plaintiff's cases against a white

defendant, acted to conceal evidence and protect the white defendant, and made rulings that "are the epitome of . . . racism." (*Id.* at 2, 8, 10). On March 26, 2024, Plaintiff filed a request for a case status update. (ECF No. 5). On April 2, 2024, Plaintiff filed a motion for recusal. (ECF No. 6).

## II. Analysis

### A. Motion for Recusal

In her motion for recusal, Plaintiff asserts that "it would be challenging" for the undersigned to be unbiased in a case against Montgomery County Circuit Court judges because: (1) the undersigned maintains "significant associations with judicial committees, and involvement in the count[]y"; (2) the undersigned remarked in a tribute when her late husband retired from the bench: "I make no pretense of being unbiased when it comes to assessing Howard's role as a judge[]"; (3) "it has been nearly a month since the plaintiff's case was filed, and no summons has been issued for this case[]";[1] and (4) no order has been issued in another of Plaintiff's cases before the court requesting that the defendants respond within 21 days.[2] (ECF Nos. 6, at 2; 6-1, at 1) (citing

---

[1] The brief delay was to enable the court to review the viability of the claims brought against judges, as discussed later.

[2] To the contrary, in *Nwosu v. Gritz, Hanifin & Shih, LLC*, the summons issued on February 8, 2024 directs the defendant to serve on Plaintiff an answer within 21 days pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Case No. 24-cv-162-DKC, ECF No. 6).

No. 24-cv-162-DKC). Plaintiff contends that she "need not prove that a ju[d]ge is biased," but rather only "needs to show evidence that the impartiali[]ty by a judge can be reasonably questioned for a recusal to be warranted, as she has shown in this case." (ECF No. 6, at 4).

28 U.S.C. § 455(a) provides that a judge or justice "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." Section 455(b)(1), in turn, requires recusal where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Generally, to warrant recusal under Section 455(a) or 455(b)(1), the alleged bias or prejudice must stem from an extrajudicial source. *Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011) (citing *Liteky v. United States*, 510 U.S. 540, 551, 554 (1994)). In other words, the bias or prejudice must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Plaintiff has not provided any valid basis for recusal. The undersigned has not, either in this case or Plaintiff's other case, displayed any "deep-seated favoritism or antagonism that would

3

make fair judgment impossible." *Liteky*, 510 U.S. at 555. Indeed, Plaintiff would be hard-pressed to find a judge who does not participate in bar associations or judicial committees. Moreover, it appears the light-hearted nature of the undersigned's remark regarding her late husband was lost on Plaintiff. If she had read the rest of the tribute, she would have seen how carefully the undersigned and Judge Howard Chasanow guarded against potential conflicts. Deborah K. Chasanow et al., *Tributes to Judge Howard Chasanow*, 59 Md. L. Rev. 707, 710 (2000). Finally, although no summons has yet been issued, Plaintiff has not demonstrated any undue delay in the court's consideration of her action that could give rise to the need for recusal. *See Sewell v. Strayer Univ.*, No. 16-cv-159-PWG, 2017 WL 11475276, at *1 (D.Md. July 7, 2017) (denying motion for recusal asserting that "the delay in service shows direct evidence of judicial bias and prejudice"). Plaintiff has not shown any bias or prejudice stemming from an extrajudicial source. Accordingly, her motion for recusal will be denied.

### B. Judicial Immunity

Plaintiff's suit implicates the doctrine of judicial immunity, which prohibits suits against judges for judicial acts. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering

4

decisions likely to provoke such suits."). If judicial immunity applies to Plaintiff's claims, this case would be frivolous or vexatious. In such situations, even though Plaintiff has paid the filing fee, this court would have inherent power to dismiss it *sua sponte* prior to issuing service. *Ross v. Baron*, 493 F.App'x. 405, 406 (4th Cir. 2012); *Alexander v. Dep't of Army*, No. 21-cv-2285-DLB, 2021 WL 4417080, at *1 (D.Md. Sept. 24, 2021), *aff'd sub nom. Alexander v. Dep't of the Army*, No. 21-2131, 2021 WL 6101837 (4th Cir. Dec. 22, 2021). Rather than doing that, the court will issue a show cause order to provide Plaintiff with an opportunity to justify continuation of this case.

It is well established that absolute judicial immunity applies to suits alleging state torts. *See Parker v. State*, 337 Md. 271, 286 (1995) ("Judicial acts performed by judges are among those governmental functions that cannot give rise to civil liability in tort. Accordingly, a suit that is barred by judicial immunity cannot form the basis of a recovery against the State under the [Maryland] Tort Claims Act."); *Keller-Bee v. State*, 448 Md. 300, 308-10 (2016) (applying absolute judicial immunity in state tort action where the plaintiff alleged the clerk negligently forwarded a file to the judge which resulted in the judge signing an improper arrest warrant). Furthermore, judicial immunity applies "regardless of the nature of the tort alleged to have been committed and even where the suit against the judge alleges that

5

he acted in bad faith, maliciously or corruptly." *Parker*, 337 Md. at 284-85. Judicial immunity also applies to federal claims, *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987), and *sua sponte* dismissal is appropriate. *See, e.g.*, *Nolan v. Bright,* No. 22-cv-196-DKC, 2022 WL 717048, at *1-2 (D.Md. March 10, 2022); *Bardes v. Auld*, No. 1:15-cv-00214-MR-DLH, 2015 WL 5796466, at *1 (W.D.N.C. Oct. 2, 2015), *aff'd*, 629 F.App'x 570 (4th Cir. 2016).

Lawsuits against judges are not the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs may be challenged and corrected through ordinary mechanisms of appellate review. *See Forrester*, 484 U.S. at 226-27. Plaintiff has not argued that Defendants' acts were not committed in their judicial capacity. Plaintiff will thus be directed to show cause why this case should not be dismissed.[3]

---

[3] Moreover, Plaintiff's conclusory allegations relating to Defendants' prejudice and racism do not allege with particularity how Defendants engaged in gross negligence or any intentional tort.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion for recusal will be denied, and Plaintiff will be directed to show cause why this case should not be dismissed.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
